{¶ 234} I agree with the portion of the majority's opinion which vacates Bunch's conviction for conspiracy to commit aggravated robbery and affirms his conviction for the rest of the offenses. I also agree that this case must be remanded for resentencing. I write separately because I disagree with the portion of the majority's opinion which affirms the trial court's conclusion that Bunch committed the worst form of the offenses of aggravated robbery and kidnapping.
 {¶ 235} As more fully explained in my dissent in State v. Bundy, 7th Dist. No. 02 CA 211, 2005-Ohio-___, a trial court's determination over whether an offender has committed the worst form of the offense should concentrate on the acts that the offender committed which constitute the elements of the offense. Facts which do not establish an element of an offense cannot be used to make the offender's conduct a more serious form of the offense. Instead, these kinds of facts are appropriate for a trial court to consider when determining whether it should order that the offender's sentences should be served consecutively.
 {¶ 236} In this case, the majority relies on Moore's digital rape of M.K. to make both the aggravated robbery and kidnapping charges more serious, but Moore's digital rape of M.K. does not establish any element of either of those offenses as to Bunch. Likewise, the crimes' closeness in proximity does not make any of the individual crimes more serious. Instead, the offenses' closeness in proximity would support the trial court's findings that consecutive sentences are not disproportionate to the seriousness of the offender's conduct. Therefore, I cannot join in its opinion regarding whether Bunch committed the worst form of those offenses. I do concur with the conclusion that the record supports the trial court's finding that Bunch committed the worst form of the rape and complicity to commit rape charges.
 {¶ 237} Despite our differences on this issue, the trial court properly sentenced Bunch to maximum sentences for his crimes. The majority correctly concludes that the trial court properly found that Bunch was most likely going to commit future offenses. This finding renders any error in its decision regarding the seriousness of the offense moot.